# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONATUS U. UNARA,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>CH-3443-15-0404-I-1<br><br><br>DATE: November 4, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donatus U. Unara, Ypsilanti, Michigan, pro se.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, a GS-9 Medical Technologist, resigned from his position effective November 17, 2014. Initial Appeal File (IAF), Tab 7 at 30-31. On or about January 12, 2015, he contacted the agency's Office of Resolution Management (ORM) to add a claim of forced resignation to his pending equal employment opportunity (EEO) complaint. *Id.* at 34-36. In a March 13, 2015 notice, ORM advised the appellant that it had determined that the forced resignation claim was "like or related to" the existing claims of harassment and hostile work environment and that it had accepted the claim for investigation as an independently actionable claim. *Id.* The notice further advised that, as a result of the amendment of his complaint to include his forced resignation claim, the appellant's complaint was now a mixed case, which required the agency to complete the investigation and issue a final agency decision (FAD) within 120 calendar days of the amendment. *Id.* at 37. The notice set forth the appellant's mixed-case appeal rights, explaining that he could file a Board appeal within 30 days of receiving the FAD or, if he did not receive a FAD within

120 days of his last amendment, he could file a Board appeal immediately without waiting for the FAD. *Id.* On April 14, 2015, ORM advised the appellant that it had completed the investigation and provided him a copy of the investigative file. *Id.* at 40. The notice accompanying the investigative file explained that the appellant had 30 days from receipt of the notice to either request a FAD from the agency or to file an appeal directly with the Equal Employment Opportunity Commission.[2] *Id.*

¶3 On April 20, 2015, the appellant filed the instant appeal with the Board and requested a hearing. IAF, Tab 1. On the appeal form, he indicated that he was appealing a removal, an involuntary resignation, and unlawful discrimination and retaliation, and indicated that the effective date of the challenged agency decision was April 14, 2015.[3] *Id.* at 2. The administrative judge issued an acknowledgment order, explaining, in part, that the Board generally lacks jurisdiction over voluntary actions, such as resignations, and advised the appellant that his appeal would be dismissed unless he amended it to allege that his resignation was the result of duress, coercion, or misrepresentation by the agency. IAF, Tab 2 at 2. The administrative judge also issued an order on timeliness, explaining that, although the appeal appeared to be untimely filed more than 30 days after the effective date of the alleged forced resignation, an

---

[2] The April 14, 2015 notice set forth the post-investigation procedures applicable to a nonmixed-case complaint rather than a mixed-case complaint. IAF, Tab 7 at 40-41; *see* 29 C.F.R. §§ 1614.108(f), 1614.302(d)(2). Where, as here, an employee has filed a mixed-case complaint, the post-investigation notice should advise that a final decision will be issued within 45 days without a hearing. 29 C.F.R. § 1614.302(d)(2). We find, however, that this procedural error did not prejudice the appellant because ORM's March 13, 2015 notice correctly set forth the post-investigation procedures and appeal rights applicable to a mixed-case appeal, and, in any event, the appellant filed a Board appeal several days after receiving the post-investigation notice. IAF, Tab 1, Tab 7 at 37.

[3] It appears that the appellant construed the April 14, 2015 post-investigation notice as a final decision on his EEO complaint. *See* IAF, Tab 1 at 2; *see also* IAF, Tab 7 at 40-41.

exception to the 30-day filing deadline applies where an appellant, who was subject to an action that is appealable to the Board, has timely filed a formal discrimination complaint with the agency. IAF, Tab 3 at 2. The order explained that, in such cases, an appellant may file a Board appeal either: (1) within 30 days after receipt of the agency resolution or final decision on the complaint; or (2) if the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days. *Id.*; *see* 5 C.F.R. § 1201.154(b).

¶4 The appellant responded, in relevant part, that his appeal was timely filed because more than 120 days had elapsed since he filed his EEO complaint and the agency had not issued a FAD or otherwise resolved the matter. IAF, Tab 4 at 3. He further argued that the agency forced him to resign by harassing him and subjecting him to a hostile work environment between July 2013, and September 2014, as set forth in his discrimination complaint. *Id.* at 3-4, 26-27. In particular, he alleged that the agency did not select him for a GS-10 Medical Technologist position, issued him a letter of counseling, scrutinized his request for compensation, assigned him to do the duties of two positions over the course of 3 days, failed to take action when the employee assigned to assist him failed to help with assigned duties, and denied him training on several occasions. *Id.* at 26-27. He further alleged that his supervisor falsely accused him of not responding to her on two occasions, falsely stated that she had received complaints about him from other staff members, scheduled two mandatory meetings while he was scheduled to be off work, made several rude or hostile comments, and, while he was in the hospital recovering from a stroke, repeatedly called him to tell him to return to work and threatened him with absence without leave (AWOL). *See id.* at 4, 26-27.

¶5 The agency countered that the appeal was prematurely filed because the appellant had not yet requested a FAD and because 120 days had not elapsed

since his last amendment.  IAF, Tab 7 at 7-8.  The agency further argued that, even if the appeal was ripe, the Board still would lack jurisdiction over it because the appellant had failed to show that his resignation was involuntary.  *Id.* at 8-10.

¶6        Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appeal was timely filed but that the appellant failed to nonfrivolously allege that the agency's action rendered his resignation involuntary.  IAF, Tab 13, Initial Decision (ID).[4]  The administrative judge also found that, absent an otherwise appealable action, the Board lacked jurisdiction to address the appellant's discrimination claims.  ID at 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The appellant has filed a petition for review of the initial decision, the agency has responded in opposition to the petition for review, and the appellant has replied to the agency's opposition.  Petition for Review (PFR) File, Tabs 1, 4, 8.[5]  In the petition for review, the appellant argues only that "the Board was not

---

[4] In finding that the appeal was timely filed, the administrative judge explained that, at the time of the June 30, 2015 initial decision, more than 120 days had elapsed since the agency accepted the appellant's mixed-case amendment on March 13, 2015, and that the agency had not issued a FAD or resolved the discrimination complaint in the interim. ID at 2 n.1.  The relevant date for calculating the 120-day period, however, is the date the appellant filed the mixed-case complaint, not the date the agency accepted the complaint for investigation.  *See* 5 C.F.R. § 1201.154(b); *see also* 29 C.F.R. § 1614.302(d)(1)(i).  Here, the 120-day period began to run on or about January 12, 2015, the date the appellant amended his pending EEO complaint to include the alleged forced resignation.  *See* IAF, Tab 7 at 34.  As such, the 120-day period ended on approximately May 13, 2015, several weeks after the appellant initiated this appeal on April 22, 2015.  Although the appeal was premature when the appellant filed it, it had ripened by the time both parties had responded to the order on timeliness.  As such, any error by the administrative judge in calculating the 120-day period did not prejudice the appellant's rights.

[5] The agency mailed the appellant, who is not an e-filer, a copy of its response to his petition for review to his address of record on August 25, 2015.  PFR File, Tab 4 at 7-8.  On September 14, 2015, the appellant filed a change of address notice with service to the agency by fax.  PFR File, Tab 5.  That same day, the agency's response was returned to the agency as undeliverable.  PFR File, Tab 6 at 4.  On September 15, 2015, the agency mailed a copy of its response to the appellant's new address, *id.* at 5, and, on

exhaustive as to the underlying[] controlling issues in the original complaint" and requests that the Board "exercise fairness and justice in responding to this request for review."  PFR File, Tab 1 at 1.  The agency responds that the administrative judge correctly dismissed the appeal for lack of jurisdiction because the appellant failed to show that his resignation was involuntary.  PFR File, Tab 4.  In his reply, the appellant again challenges the selection process for the GS-10 Medical Technologist position and argues that the agency forced him to cover two positions on four dates in August and September 2014, which made his working conditions intolerable.[6]  *See* PFR File, Tab 8 at 2-4.  The appellant further argues that the administrative judge failed to rule on his motion to compel discovery.[7]  *Id.* at 2-3.

---

September 18, 2015, the appellant mailed his reply to the agency's response, PFR File, Tab 8.  Under the unique circumstances present here, we have considered the appellant's reply to the agency's response to his petition for review.

[6] The appellant also has submitted evidence with his reply concerning the selection process for the GS-10 Medical Technologist position and work schedules for August and September 2014, some of which appears to have been submitted for the first time on review.  PFR File, Tab 8 at 4, 6-18.  Under 5 C.F.R. § 1201.115, however, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Although the appellant has not done so here, we have considered his submissions and find that they do not change the outcome of this appeal.

[7] The administrative judge did not rule on the appellant's June 22, 2015 motion to compel.  IAF, Tab 10.  However, because the appellant's motion to compel did not comply with the requirements of our regulations, the administrative judge's failure to rule on the motion was not prejudicial to the appellant's rights.  *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007).  Specifically, the appellant did not file the motion to compel within 10 days after the agency's time to respond to discovery expired, he failed to provide either an affidavit or sworn statement in support of his claim that he did not receive any discovery responses from the agency or a statement indicating that he attempted in good faith to resolve this discovery dispute with the agency, and he did not state how the information contained in the discovery sought was relevant and material.  *See* IAF, Tab 10; 5 C.F.R. § 1201.73(c)(1)(ii)-(iii), (c)(2), (d)(3).  Thus, the administrative judge's failure to rule on the motion to compel provides no basis to reverse the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶8        Generally, the Board lacks the authority to review an employee's decision to resign or retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed Cir. 2011), *cert. denied*, 133 S. Ct. 414 (2012).  However, if an agency essentially coerced the employee's decision in a manner that deprived him freedom of choice, the Board will take jurisdiction over the matter as a constructive removal.  *Id.*  "The doctrine of coercive involuntariness 'is a narrow one' requiring that the employee 'satisfy a demanding legal standard.'  An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary."  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013) (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).  Where, as here, the appellant claims that the agency coerced his resignation by creating intolerable working conditions, the issue is whether, considering the totality of the circumstances, his working conditions were made so difficult that a reasonable person in his position would have felt compelled to resign or retire.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶¶ 19-20 (2007).  In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.  *Id.*, ¶ 20.

¶9        The appellant bears the burden of proving by preponderant evidence that the matter he is appealing is within the Board's authority to review.  *Brown*, 115 M.S.P.R. 609, ¶ 11; 5 C.F.R. § 1201.56(b)(2)(i)(A).  If the appellant makes a nonfrivolous allegation that the matter is within the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction.  *Brown*, 115 M.S.P.R. 609, ¶ 11.  A nonfrivolous allegation in this context is an allegation of fact that, if proven, could establish that the agency coerced the appellant's resignation.  *Id.*

¶10       We have reviewed the initial decision and agree with the administrative judge that the appellant failed to nonfrivolously allege that his resignation was

involuntary because of intolerable working conditions. The appellant argued below that the alleged incidents of harassment and discrimination between July 2013, and September 2014, rendered his working conditions so intolerable that he was forced to resign. *See* IAF, Tab 4. As discussed above, the specific incidents the appellant raised include several purportedly rude and/or false remarks by his supervisor, denials of training opportunities, mandatory meetings scheduled when the appellant was off duty, unfair scrutiny of his request for compensation, an assistant's failure to help with assigned duties for several months, and 3 or 4 days where the appellant was responsible for the duties of two positions. *See* IAF, Tab 4 at 4, 26-27; *see also* PFR File, Tab 8 at 2-4, 8-9. It is well settled, however, that an employee is not guaranteed a stress-free working environment and dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). None of the alleged agency actions, even if true, would compel a reasonable person to resign. Rather, the appellant has merely described an unpleasant and inconvenient working environment.

¶11      The appellant also asserted that his supervisor threatened him with AWOL if he did not return to work several days after suffering from a stroke. IAF, Tab 4 at 4, 27. There is no evidence that the appellant was ever charged with AWOL and, even if he was, he clearly had the choice of contesting the AWOL charge rather than resigning. As such, even if unwarranted, the supervisor's threat of charging the appellant with being AWOL did not render the appellant's resignation involuntary. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (explaining that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action) (quoting *Christie v. United States*, 518 F.2d 584, 587 (Cl. Ct. 1975)). Similarly, the appellant challenged below the agency's decision to issue him a letter of counseling. IAF, Tab 4 at 27. Even if

unjustified, however, the letter of counseling was not coercive and did not render his resignation involuntary because the appellant could have chosen to contest it through the proper channels rather than resigning. *See Garcia*, 437 F.3d at 1329.

¶12      Lastly, the appellant alleged that the agency's decision not to select him for the GS-10 Medical Technologist position contributed to the hostile work environment.   IAF, Tab 4 at 27; *see* PFR File, Tab 8 at 2-3.   However, the doctrine of coerced involuntariness does not apply where the employee resigns because he does not like agency decisions "that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Conforto*, 713 F.3d at 1121-22 (quoting *Staats*, 99 F.3d at 1124).   Rather, the appellant must demonstrate that the coercion is "the result of improper acts by the agency." *Id.*   Here, the agency's decision not to select the appellant for the GS-10 Medical Technologist position was well within its authority, and the appellant has not nonfrivolously alleged that his nonselection resulted from improper acts by the agency. *See Staats*, 99 F.3d at 1124.   Further, he has not shown how a nonselection for a promotion rendered his working conditions so intolerable that a reasonable person in his position would be compelled to resign.

¶13      Considering the totality of the circumstances, we agree with the administrative judge that the appellant has failed to nonfrivolously allege that the agency created working conditions so intolerable that a reasonable person in his position would have felt compelled to resign.   Even assuming some or all of the agency's actions were wrong, unfair, or unlawful, as the appellant claims, he has not alleged circumstances that could have effectively denied him a meaningful choice to resign, which is a requisite element of a forced resignation within the Board's adverse action jurisdiction under 5 U.S.C. chapter 75. *See Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](), ¶ 8 (2013).   Accordingly, we find that the appellant has failed to nonfrivolously allege that his resignation was

involuntary, and the administrative judge properly dismissed the appeal for lack of jurisdiction without holding a hearing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.